# Supreme Court Decisions.

THE VILLAGE OF LEIPSIC V. GERDEMAN.

Decided, March 3, 1903.

*Action Against Incorporated Village—For Injuries Because of Icy Sidewalk —Village Not Charged with Constructive Notice, When—Error to Submit to Jury Question of Diligence—Recovery of Damages—Municipal Law.*

In an action against an incorporated village to recover for injuries sustained by slipping and falling on an icy sidewalk, where it appears that the accident occurred about eight o'clock in the morning, and that the icy condition at the place where such accident occurred was caused by ice which had formed thereon only the night before, the village can not be charged with constructive notice of the condition of such walk; and it is error to submit to the jury whether the village might by the exercise of reasonable care and diligence have had knowledge of the defect in time to have remedied it.

ERROR to the Circuit Court of Putnam County.

On the twenty-first day of October, 1899, the defendant in error, Anna Gerdeman, commenced an action in the Court of Common Pleas of Putnam County, Ohio, to recover damages from the defendant in error, the incorporated village of Leipsic, for injuries which she alleges she sustained by slipping and falling on ice, negligently permitted by defendent, to form and collect on a certain sidewalk and street crossing on one of the streets of said village. In her petition she alleges in substance that: The incorporated village of Leipsic is a municipal corporation organized under the laws of the state of Ohio; that prior to and on the fifteenth day of January, 1899, Poplar street was one of the public streets of said village and was much used and traveled by the citizens of said village and the public in general; that prior to and on

35

said date said defendant maintained a sidewalk and street crossing on and along the west side of said Poplar street; that prior to said fifteenth day of January, 1899, where a certain other street of said village intersects and opens into said Poplar street, said sidewalk and street crossing were allowed by said defendant to become out of repair by the removal, by said defendant, of a section of said sidewalk and street crossing twelve feet long, from its proper place; that where said section of sidewalk and street crossing had formerly been, and where it properly belonged, as a part of said sidewalk and street crossing, there was a depression of considerable depth; that said depression had, prior to said fifteenth day of January, 1899, filled with water, and said water had frozen, of which fact plaintiff had no knowledge, but of which defendant had knowledge; that on said fifteenth day of January, 1899, and at the time of the injury hereinafter complained of, said ice in said depression, from which said section of sidewalk and street crossing had been removed as aforesaid, was covered with frost so that said ice was concealed and was not visible to a person passing along and over the same.  She further avers that early on the morning of said fifteenth day of January she was walking southward on said sidewalk along the west side of said Poplar street when she came to said depression; that in passing down off of the south end of said sidewalk and crossing she stepped down upon said frost and ice in said depression, and in so doing, without fault on her part, she slipped, fell, and was injured.  Then follows a prayer for judgment.  The village for answer to this petition, after admitting its incorporation, for a first defense: "Denies each and every other allegation of fact in said petition contained." And as a second defense it avers: "That if said plaintiff received any injury whatever by reason of falling on said sidewalk as averred, it was caused by her own act, or want of care on her part causing and contributing thereto."  On the trial of this cause in the court of common pleas there was a verdict and judgment for the defendant in error. This judgment was affirmed by the circuit court, and to reverse this judgment of affirmance, this proceeding in error is prosecuted.

*Watts & Moore* and *J. Werner*, for plaintiff in error.

*Bailey & Bailey* and *A. A. Slaybaugh*, for defendant in error.

CREW, J.; BURKET, C. J., SPEAR, DAVIS, SHAUCK and PRICE. JJ., concur.

The defendant in error, Anna Gerdeman, brought her action in the Court of Common Pleas of Putnam County, Ohio, against the plaintiff in error, the incorporated village of Leipsic, to recover damages for certain injuries which she alleges she sustained by slipping and falling on ice that had been permitted to form and collect on the sidewalks or street crossings of said village. Her action was one for negligence, and the negligence charged and relied upon was, that the village had suffered and permitted said sidewalk and street crossing to be and remain out of repair and in an icy and unsafe condition. While her petition contains the allegation "that said sidewalk and street crossing were allowed by said defendant (the incorporated village of Leipsic) to become out of repair, by the removal of a section of said sidewalk and street crossing from its proper place," there is no allegation in said petition nor is there any claim in the evidence in this case that the removal or displacement of said section of sidewalk, of itself, interfered with the safe and convenient use by pedestrians of said walk and crossing, nor is it alleged or shown in this case that said sidewalk and crossing, by reason of the removal and displacement of a portion thereof, was left in such condition, or was thereby rendered so defective, as to make it unsafe or dangerous to persons passing along or over the same at ordinary times. But so far as appears, from the evidence, this walk and crossing at the time of the accident, at the place where the accident occurred, except for the then icy condition of the same, was reasonably safe and sufficient for the use and convenience of persons traveling along and over said street. If, therefore, in this case, any *actionable* negligence is charged or shown for which the village can be held liable it is only that it wrongfully suffered or permitted ice to form and remain on said sidewalk and crossing at the place where plaintiff was injured. It appears from the undisputed evidence in this case, that there was a slight depression in the sidewalk or street crossing at the place where this accident occurred and that water had collected thereon and had frozen. That on Sunday morning, January 15, 1899, at about eight o'clock, the plaintiff, while walking south on the sidewalk in question, along the west

side of Poplar street in said village of Leipsic, in stepping down off said sidewalk, slipped on the ice that had formed in said depression, fell and was injured. It also further appears that the depression in this walk at the place where this accident occurred was but six or eight inches in depth, was plainly visible, and was known to and seen by the plaintiff as she approached it on the morning of the accident, and the fact appears without contradiction, that the ice that had formed thereon had only collected and formed during the night before. The evidence is undisputed that: "On Friday it had rained, on Saturday night it froze up and froze quite hard, this Sunday there was considerable ice and the sidewalks and the road-bed in general were quite slippery," and there is no evidence that the same or a similar condition existed upon the days immediately preceding. With these facts uncontradicted and undisputed the court of common pleas submitted to the jury, for its determination, the question of negligence and constructive knowledge on the part of the village, and the jury was instructed by the court that if they failed to find that the condition complained of was known to the village, "or that it had existed for such length of time that they were bound to know, that they might have known it, then you need go no farther. Your verdict then should be for the defendant—no cause of action. * * * * * * * * * But, if you find that the defect existed on this sidewalk or crossing alleged in the petition, and that the defendant knew it at the time or before the time, a reasonable time before the time alleged in the petition of the occurrence of the injury complained of, then you will go a step further and inquire if the sidewalk from where it was removed, this crossing from where it was removed, left a depression there and had filled up with this water because of the depression that was under that place, under the crossing, and that it was permitted to remain, that the ice and stuff was permitted to remain there, and the town or corporation knew that it was there, and that the plaintiff stepped on that ice, and did not know at the time that she passed over it or stepped on to it, that there was ice there then you may go another step and inquire whether she was injured;" etc. And the court said to the jury that if they should find that the plaintiff was injured and should find that such injury occurred without fault or negligence on

her part, that then and in that event, she would be entitled to recover. This charge of the court was excepted to by the village, and the giving of such instruction was assigned as error in the circuit court, and is one of the errors complained of and relied upon in this court. By this instruction the court submitted to the jury for its determination the question of whether the village had knowingly permitted ice to form and remain on said sidewalk and crossing. And they were told if it had, and plaintiff without fault upon her part was thereby injured, that she would be entitled to recover. While in a proper case such instructions would perhaps be unobjectionable, or at least free from error, in the light of the established facts in this case such instruction was, we think, unauthorized, misleading and erroneous. Where, in any case, there is in evidence a conflict or dispute as to the facts, or there is doubt as to the proper inference to be drawn from them, the question of negligence is one for the jury and should in such case be submitted to the jury under proper instructions. But where, as in this case, all the facts which the evidence tends to prove, if admitted, do not authorize the conclusion that defendant has been guilty of the negligence charged as matter of law, then the question becomes, and is, a question for the court and should not be submitted to the jury for decision. It does not follow because the plaintiff was injured upon a public street or sidewalk of said village that the village is liable to her in damages therefor; injury alone will not support an action, but there must be a concurrence of injury and wrong. An incorporated village is not an insurer of the safety of its streets and sidewalks, nor of the lives and limbs of the persons passing over and along the same; nor is such a village required, in the improvement and care of its streets and sidewalks, to do everything that human energy and ingenuity can devise to prevent the happening of accidents or injuries to persons who may rightfully use such streets and sidewalks. Its duty under the law is to see that its streets and sidewalks are reasonably safe for use and travel by persons exercising ordinary care and caution, and while the law requires, on the part of such village, reasonable vigilance in this behalf, it does not extract or require that which is unreasonable or impracticable. Where a sidewalk of a village, which is in reasonably safe condition for public travel, by the collection or

formation of ice thereon suddenly becomes dangerous, the village cannot in law be charged with negligence because of such dangerous and unsafe condition, nor can it be held liable therefor, where it has neither actual nor constructive notice of such condition. There is no claim or evidence in this case that the village had any actual notice of the icy condition of this sidewalk, and before it would be chargeable with constructive notice, such condition must have existed for such length of time prior to this accident, as that the village, through its officers or agents, in the exercise of ordinary diligence, could and should have known of such condition. But the evidence in this case showing as it does that the icy condition of this walk at the place where plaintiff was injured was due to the freeze of Sunday night, and that the accident of which plaintiff complains occurred as early as eight o'clock the following morning (the plaintiff herself testifying that it occurred about half-past seven o'clock), the question of constructive notice did not arise and was not involved in the case, and should not have been submitted to the jury.

*The judgments of the circuit court and of the court of common pleas reversed and cause remanded to the court of common pleas.*